UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL M. WHITE,

        Plaintiff,                    Case Number 05-10306
                                                  Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO AFFIRM THE DECISION OF THE COMMISSIONER**

The plaintiff filed the present action on November 30, 2005, seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability, disability insurance benefits, and supplemental income benefits under Titles II and XVI of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits or in the alternative remand the matter for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the Commissioner's decision. Magistrate Judge Binder filed a report on July 19, 2006 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections, and has made a *de novo* review of the administrative record in light of the parties'

submissions. The plaintiff makes a single objection to the magistrate judge's report. He challenges the magistrate judge's conclusion that the administrative law judge acted within a permissible "zone of choice" when deciding that the plaintiff's mental impairments did not support a finding of disability. Pl.'s Obj. at 1. According to the plaintiff, the administrative law judge (ALJ) should have read a physiological report stating "the potential for the [plaintiff] . . . becoming gainfully employed in a simple, unskilled work situation on a sustained and competitive basis is guarded" as supporting his inability to work. *Ibid.* Therefore, the opposite inference drawn by the ALJ and accepted by the magistrate judge was error.

In his motion for summary judgment, the plaintiff made a similar argument. The plaintiff asserted that the ALJ's decision was not supported by substantial evidence because he ignored opinions of a psychologist that the plaintiff could not work. Instead, the ALJ improperly relied on a formalized assessment of the plaintiff's abilities.

The plaintiff, Michael M. White, presently thirty-eight years old, applied for a period of disability, disability insurance benefits, and supplemental income benefits on January 16, 2003 when he was thirty-five years old. The plaintiff has a high school education and has worked as a press operator, a driver, a valet parking attendant, a shipping clerk, a field worker, and a slitter helper in the steel industry.

The plaintiff last worked on a full-time basis on March 30, 2001, the date he alleges he became disabled. The plaintiff has a history of medical problems including a 1998 on-the-job back injury, arm numbness, carpal tunnel syndrome, and reflux disease. Doctors also have diagnosed depression, alcoholism, diabetes, hypertension, obesity, and low back pain. In 2002, the plaintiff underwent surgery for a left inguinal hernia.

In his application for benefits, the plaintiff alleged that he was unable to work because of a bad back, carpal tunnel syndrome, and arm cramps and numbness. On December 21, 2004, the plaintiff, then thirty-seven years old, appeared before ALJ William E. Decker, who filed a decision on June 10, 2005 in which he found that the plaintiff was not disabled.  The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920.  The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since March 30, 2001, the alleged disability onset date (step one); the plaintiff suffered from impairments consisting of chronic back pain, obesity, asthma, and depression, which are "severe" within the meaning of the Social Security Act (step two); the plaintiff did not have an impairment or combination of impairments that met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work, which the ALJ found was unskilled and semi-skilled and required from light to heavy exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a restricted range of light work.  The plaintiff was to avoid concentrated exposure to vibrations, fume, odors, gasses, poor ventilation, and other hazards; he could climb ramps, stairs, ladders, ropes, and scaffolds and stoop, balance, kneel, crouch, and crawl only occasionally; and he was limited to jobs involving short simple instructions   Relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the regional and national economy that fit within these limitations including security guard, tax solicitor/interviewer, assembler, inspector, and non-construction laborer. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social

Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 30, 2005.

In his motion for summary judgment, the plaintiff did not challenge the ALJ's findings concerning the plaintiff's exertional capability. Rather, he points only to the "guarded" prognosis of Dr. Dennis L. Mulder, a psychologist, who expressed concern about the plaintiff's ability to engage in unskilled work on a competitive basis until his medical issues were resolved. Pl.'s Mot. for Summ. J. at 2. Because Dr. Mulder's report was not available at the time of the administrative hearing, the vocational expert did not see it or take it into account when giving his opinion about the jobs available to the plaintiff. The plaintiff argues, therefore, that the ALJ was required either to reconvene the hearing or submit post-hearing hypothetical questions to the vocational expert, and his failure to do so requires reversal and remand.

The plaintiff cited no authority for this novel proposition, and the Court believes the argument misses the mark. Of course, a hypothetical question posed to a vocational expert must include a "complete assessment of [the claimant's] physical and mental state and should include an accurate portrayal of her individual physical and mental impairments." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239 (6th Cir. 2002) (internal quotes and alterations omitted) (quoting *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987)). That does not mean, however, that the vocational expert must hear all the evidence or attend the entire hearing, unless the ALJ's question specifically asks the witness to assume as true the record evidence. In this case, the hypothetical questions posed to the vocational expert included the fact that the plaintiff would perform only simple, repetitive tasks with no exposure to the public. If the evidence supports such

a residual functional capacity (RFC), there is no need to hold additional hearings so the vocational expert can here the supporting evidence for himself.

In this case, the magistrate judge reported that substantial evidence supported the residual functional capacity found by the ALJ. The plaintiff did not object specifically to that finding. The Court believes that Dr. Mulder's prognosis does not undercut that determination. The RFC, in turn, was incorporated into the hypothetical question posed to the vocational expert. The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt #18] are **OVERRULED** and the magistrate judge's report and recommendation [dkt # 17] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 15] is **DENIED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 14] is **GRANTED**. The findings of the Commissioner are **AFFIRMED,** and the complaint is **DISMISSED** with prejudice.

```
                                    s/David M. Lawson
                                    DAVID M. LAWSON
                                    United States District Judge
```

Dated:  September 19, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2006.

```
                                    s/Felicia Moses
                                    Case Manager
```